**IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION**

**CRIMINAL NO. 1:06CR25**

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| VS. ) | **O R D E R** |
| ) | |
| **DAVID ALLEN TATE** ) | |

**THIS MATTER** is before the Court on the Defendant's motion to revoke or amend the Order of pretrial detention entered by the Magistrate Judge. The motion is denied.

## I. STANDARD OF REVIEW

Title 18 U.S.C. § 3145 provides in pertinent part that "[i]f a person is ordered detained by a magistrate judge, . . . the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order." **18 U.S.C. § 3145(b).**

> When the district court acts on a motion to revoke or amend a magistrate judge's pretrial detention order, the district court acts *de novo* and must make an independent determination of the proper pretrial detention or conditions of release. . . . [T]he

question becomes whether the evidence as a whole supports the conclusions of the proceedings below. The standard of review for pretrial detention orders under 18 U.S.C. § 3145[(b)] is one of independent review, with "deference to the determination of the district court."

Section 18 U.S.C. § 3142(e) of the Bail Reform Act, which governs release or detention pending trial, dictates that if, after holding a hearing, the court finds that no "condition or combination of conditions will reasonably assure the appearance of the person as required, and the safety of any other person and the community," such court shall order the detention of the person before trial. The factors to be considered in determining whether to release a defendant pending trial are set forth in 18 U.S.C. § 3142(g) and include: (1) nature and circumstances of the offenses charged; (2) the weight of the evidence against the person; (3) the history and characteristics of the person, including family ties, the person's character, ties to the community, and criminal history; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. For pretrial detention to be imposed on a defendant, the lack of reasonable assurance of either the defendant's appearance or the safety of others or the community, is sufficient; both are not required. With regard to the risk of flight as a basis for detention, the government must prove by a preponderance of the evidence that no combination of conditions will reasonably assure the defendant's presence at future court proceedings.

**United States v. Stewart, 19 Fed. Appx. 46, 48 (4th Cir. 2001) (quoting United States v. O'Brien, 895 F.2d 810, 814 (1st Cir. 1990)) (other internal citations omitted).**

## II.  DISCUSSION

The Defendant was indicted on April 4, 2006, with one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).  The maximum sentence of imprisonment for that crime is ten years.  **18 U.S.C. § 924(a)(2).**  In 1987, the Defendant was convicted of possession of marijuana by the State of North Carolina and in August 2000, he was again convicted in state court of four felonies related to the sale of cocaine.  There are pending charges against the Defendant in state court related to controlled substances.

In fact, the charges in this Court stem from attempts by law enforcement officers to serve an arrest warrant on his companion at the Defendant's residence on November 22, 2005.  Evidence at his detention hearing showed that when the arresting officers attempted to handcuff the companion, the Defendant on three separate occasions tried to pull the officers away from her.  After the third such incident, one of the officers informed the Defendant he was under arrest for obstructing an officer.  At that point, the Defendant engaged in a physical altercation with the officers which began in the living room, went into the bedroom and ended in the kitchen before the officers were able to subdue him.  During the altercation,

the Defendant bit one of the officers on his hand, requiring hospital treatment and repeated testing for the possibility of serious infections. This conduct resulted in the Defendant's arrest and during a search conducted later after a warrant had been obtained, officers found the firearm at issue as well as a quantity of cocaine. It was the firearm found during the search which led to the pending federal charge. Evidence further showed that the Defendant admitted the gun belonged to him.

Additional evidence at the hearing showed that after this November 2005 arrest on state charges, the Defendant was released on bond but law enforcement officers in Burke County made a controlled purchase of cocaine from the Defendant while he was on bond.

The Defendant argues that he should be released into the custody of his sister under conditions of release. The sister testified during the detention hearing that she had served over three years in state prison for the felony possession of cocaine. She also testified that the Defendant had a job working for a construction company in Morganton where he has lived for most of his life.

Having conducted a *de novo* review of the evidence presented at the detention hearing, the undersigned finds that the Defendant should remain

in pretrial detention. While he may have some family in Morganton, where he apparently has lived most of his life, his criminal history is significant for serious controlled substances violations. Moreover, the Defendant's conduct during the arrest of his companion shows a significant risk of danger to the community. The Defendant's inability to conform his conduct during that incident involving law enforcement officers is a grave indication that he would be unable to do so with the public at large.

**IT IS, THEREFORE, ORDERED** that the Defendant's motion to revoke the order of pretrial detention is hereby **DENIED**, and the Magistrate Judge's Order of Detention is hereby sustained.

Signed: May 17, 2006

Lacy H. Thornburg
United States District Judge